JAMES M. COOPER *et al.* v. A. S. LYONS *et al.*

1. CHANCERY PLEADINGS AND PRACTICE. *Appeal by one of several complainants.* An appeal by one of several creditors in a bill filed by them against an administrator, for a recovery of their several debts and an account of the personal assets of an estate, will not bring the case up as to another creditor whose claim has been allowed, so as to enable the appellees to call in question the validity of the judgment rendered in favor of the latter creditor. And, *quere,* whether the creditor who does not appeal can claim the benefit of a decree of this court, the effect of which would be to increase the assets liable to debts.

Cooper *v.* Lyons.

2. LIMITATION. *Statute of. Administrator. Request for delay.* A sufficient request for delay by an administrator will not prevent the running of the limitation of seven years (Code, 2786), in favor of the estates of decedents. That statute not only bars the remedy, but extinguishes the right, and need not be pleaded.

FROM HAWKINS.

Appeal from the Chancery Court at Rogersville.  H. C. SMITH, Ch.

W. P. GILLENWATERS and SPEARS & SPEARS for complainants.

KYLE & McDERMOTT for defendants.

COOPER, J., delivered the opinion of the court.

George M. Lyons died in June or July, 1867, and at the August term of the county court following, the defendant, W. H. Watterson, was appointed and qualified as administrator of the estate. On August 28, 1869, W. H. Watterson, as administrator of the intestate, filed his bill against A. S. Lyons and G. G. Lyons, the only heirs and distributees, to have the administration conducted in the chancery court, and to be authorized to sell land, which he, as administrator, had been compelled to purchase to save debts due the estate. No creditor of the intestate was ever made a party to this bill. On October 12, 1878, A. S. and G. G. Lyons filed a bill against Watterson, as administrator, for an account of his administration, and obtained an injunction enjoining him from further acting as administrator, and a further order appointing G. G.

Lyons receiver, to take possession of and collect the assets of the estate, and he qualified as such receiver by giving bond with security for the faithful discharge of his duties. On September 26, 1879, the present bill was filed by James M. Cooper, J. B. Galbraith and Thomas C. Miller administrators claiming to be creditors of the intestate, George M. Lyons, by debts created by him in his life-time, against the administrator and heirs, and against A. S. Lyons, as receiver, and the sureties on his bond. The bill sought to recover judgment on the several demands ;of the complainants against the administrator, to subject realty descended to the heirs to the satisfaction of the demands, and to hold the receiver liable for alleged losses to the estate occasioned by his management as receiver. Watterson allowed the bill to be taken for confessed against him. The other defendants answered, relying upon the various statutes of limitations as barring the right of action of the complainants. Miller, one of the complainants, dismissed the bill so far as he was concerned before the hearing. The other two complainants also dismissed the bill as to the defendants A. S. and G. G. Lyons as heirs, abandoning all claim to reach realty descended. On final hearing, the chancellor dismissed the bill so far as the claimant Galbraith was concerned, but gave complainant Cooper a decree for his debt against Watterson, as administrator, to be satisfied out of the personal assets, and ordered an account of the administration. He refused any relief against A. S. Lyons as receiver. Galbraith alone appealed.

The complainant Cooper claimed to be a creditor

of the estate by a note of the intestate under seal, dated May 12, 1857, and payable on the first of the following September. The complainant Galbraith claimed to be the holder of the intestate's note, dated December 29, 1858, payable one day thereafter. No suit had ever been brought on either of these notes before the filing of the present bill. After the dismissal of the bill as to the heirs, it became simply an action of each complainant on his demand against the administrator, and, as an incident to the recovery of judgment, for an account of the personal assets in the hands of the administrator and receiver. No objection was taken in the pleadings of the defendants to the jurisdiction of the court, and probably no defense could have been made on this ground since the act of 1877, extending the jurisdiction of the chancery court on legal causes of action.

The demands of the complainants were unconnected with each other, upon which separate suits might have been brought against the administrator for the recovery of judgment. Each complainant stands upon his own right of action. And this is so even to the incidental matter of account, as much so as if the bill had been filed by one of them for himself and other creditors, and the other had come in by petition, and made himself a party. Under the provisions of the Code, secs. 3155, 3159, if a decree adjudges independent rights it will remain in force as to those parties who do not appeal. The appeal of Galbraith does not, therefore, bring up the case as to Cooper, so far as the adjudication of Cooper's debt is concerned.

Whether Cooper can claim the benefit of any decree of this court, upon the appeal of his co-complainant, against the receiver and his sureties, if the chancellor's decree should be modified in this regard, need not now be determined.

Treating the bill as an action by the complainant Galbraith for the recovery of a judgment on his note against the administrator Watterson, the time of the bar of the statutes of two, six and seven years has run out. The bill seeks to avoid the result by averring that the administrator "has made request for delay and promises to pay which prevent the bar of the statutes." And there is proof tending to show such request, and repeated promises by the administrator to pay when he could get the money out of the Walters or the Phillips lands. Whether the request and promise were sufficient to save the bar of the statute of two years, and the *pro-confesso* order against the administrator would save the bar of the statute of six years, it is unnecessary to enquire. A sufficient request for delay will not stop the running of the statute for seven years: *Loyd* v. *Loyd*, 9 Baxt., 406. The statute (Code, sec. 2786) is [a positive prescription, which not only affects the remedy, but extinguishes the right. It protects the estate of the decedent against all creditors of the decedent, whether the estate be in the hands of the personal representative, the heir or the distributees: *Peck* v. *Wheaton*, M. & Y., 353; *Stone* v. *Sanders*, 1 Head, 248; *Rogers* v. *Etter*, 8 Baxt., 13. Even the State is bound by the statute, because, as well said by Hammond, U. S. Dist.

J., in *Pulliam* v. *Pulliam*, 10 Fed. Rep., 76, it is something more than a statute of limitations, it constitutes a rule of property: *State* v. *Crutcher*, 2 Swan, 505. Such a statute, all of our authorities agree, need not be pleaded. The question is not one of remedy but of title: *Kegler* v. *Miles*, M. & Y., 426; *Bomar* v. *Hagler*, 7 Lea, 85–89.

Affirm the decree as to complainant Galbraith with costs.